IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Shawn Armstrong, | Case No. 1:18 CV 1133 |
| Petitioner, | ORDER ADOPTING |
| -vs- | REPORT AND RECOMMENDATION |
| Warden Lyneal Wainwright, | JUDGE JACK ZOUHARY |
| Respondent. | |

**INTRODUCTION**

Petitioner *pro se* Shawn Armstrong seeks a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1 at 1). In January 2015, Armstrong pled guilty in Ohio state court to drug trafficking and fraud (Doc. 11-1 at 10). He is serving a seven-year sentence (*id.* at 58; Doc. 24 at 17). After seventeen unsuccessful challenges to his conviction in state court (Doc. 11-1 at 53, 112, 236, 285–86, 288, 360, 366, 385, 387–89, 420, 431, 521, 541, 665), Armstrong filed his Petition in this Court in May 2018 (Doc. 1 at 1). The Petition asserts nine grounds for relief, including lack of jurisdiction (*id.* at 5), judicial misconduct (Doc. 1-5 at 1), and ineffective assistance of counsel (Doc. 1-8 at 1).

Under Local Civil Rule 72.2(b)(2), the Petition was automatically referred to Magistrate Judge Kathleen Burke. During the next six months, Armstrong filed seven Motions (Docs. 4–7, 9, 12, 15); Judge Burke resolved all but one (Non-Doc. Entry 10/19/2018; Doc. 18 at 31; Doc. 19). In her Report and Recommendation (R&R), Judge Burke concludes that this Court should deny both the Petition and Armstrong's sole outstanding Motion, which requests summary judgment (Doc. 18 at 31). Armstrong filed a Memorandum objecting to those conclusions (Doc. 24).

This Court reviews objections to an R&R *de novo*. 28 U.S.C. § 636(b)(1). Blanket objections to an R&R's conclusions, however, do not trigger *de novo* review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nor do objections that are unclear or conclusory, or that merely restate arguments already addressed by the R&R. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). Failure to raise proper objections waives review of the R&R by this Court and by the circuit court. *Miller*, 50 F.3d at 380; *Howard*, 932 F.2d at 509.

Here, the coherent portions of the Memorandum merely restate arguments rejected by the R&R. For example, Armstrong insists that the trial court lacked jurisdiction over him (Doc. 24 at 16). The R&R already explained, however, that a state court's jurisdiction is not reviewable under the federal habeas statute (Doc. 18 at 15–16). Armstrong also contends that the trial judge forced his attorney to withdraw a meritorious motion to suppress evidence (Doc. 24 at 8). But the R&R already discarded that argument, reasoning that Armstrong lost the right to assert it when he voluntarily and intelligently pled guilty (Doc. 18 at 20). On the same basis, the R&R rejects Armstrong's claim -- asserted in the Petition (Doc. 1-8 at 1) and repeated in the Memorandum (Doc. 24 at 13) -- that his trial counsel was constitutionally ineffective due to his withdrawal of the suppression motion (Doc. 18 at 26). Armstrong attempts to nullify the preclusive effect of his guilty plea by stating, without explanation or detail, that his attorney coerced him to plead guilty (Doc. 24 at 7, 13). But such an unsupported, conclusory allegation does not rise to the level of a reviewable objection.

## CONCLUSION

Armstrong does not meaningfully object to the R&R (Doc. 18). Accordingly, this Court adopts the R&R in its entirety. The Petition (Doc. 1) is denied, as is the Motion for Summary

Judgment (Doc. 15).  The Motion for Status Report (Doc. 20) is denied as moot.  Moreover, because Armstrong does not make a substantial showing of the denial of a constitutional right, this Court declines to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

 s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 17, 2019
